UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-02321-AB-KS | Date: | April 22, 2021 |
|---|---|---|---|

| Title: | *Linda Castellucci v. JPMorgan Chase, et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER DENYING MOTION TO REMAND**

Before the Court is Plaintiff Linda Castellucci's ("Plaintiff") Motion to Remand. Dkt. No. 18 ("Motion"). Defendant J.P. Morgan Chase Bank, N.A. ("Defendant") opposed. Dkt. No. 21 ("Opp'n"). Plaintiff replied. Dkt. No. 16 ("Reply"). The Court deems this matter appropriate for decision without oral argument and vacates the hearing set for Friday, April 23, 2021. For the foregoing reasons, the Court **DENIES** Plaintiff's Motion.

### I. BACKGROUND

Plaintiff alleges the following facts in her First Amended Complaint. Dkt. 8-1 ("FAC"). Plaintiff is the owner of the property located at 5740 Kanan Dume Rd., Malibu, CA 90265 ("Property"). FAC, ¶ 9. In February 2007, Plaintiff refinanced the mortgage loan secured by her Property, executed a promissory note and deed of trust in favor of Washington Mutual Bank, FA. FAC, ¶ 10. Defendant was assigned the servicing rights of the loan. FAC, ¶ 11. In January 2021, Plaintiff requested from Defendant a repayment plan for payments that were missed on the loan. FAC, ¶ 14. Defendant denied Plaintiff's request and set a Trustee's Sale of the Property for March 23, 2021. FAC, ¶ 15.

Plaintiff filed this action in the Superior Court for the State of California, County of Los Angeles, alleging that Defendant violated California Civil Code § 3273 by not complying with federal guidelines regarding Plaintiff's denied repayment plan request. FAC, ¶ 23. In the prayer for relief, Plaintiff seek injunctive relief. FAC, Prayer for Damages, ¶ 3. Defendant timely removed this action on the grounds that this Court has original diversity jurisdiction. Dkt. No. 1 ("NOR"). The instant Motion followed.

## II.     REQUEST FOR JUDICIAL NOTICE

Plaintiff asks the Court to take judicial notice of several judicial records from the state case. Dkt. No. 8-1 ("RJN"). Under Federal Rule of Evidence 201(b), federal courts may take judicial notice of facts not "subject to reasonable dispute" and capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201 (b)(1)(b)(2). This includes matters of public record found outside of the pleadings, such as court records, orders, and other documents related to the proceeding. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Thus, the Court **GRANTS** Plaintiff's unopposed request and takes judicial notice of the orders and filings from the state case.

## III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Removal is proper based on diversity jurisdiction where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a). The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount." *Guglielmino v. McKee Foods Corp.*, *506* F.3d 696, 699 (9th Cir. 2007) (quoting

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez,* 103 F.3d at 404.

### IV. DISCUSSION

There is no dispute that complete diversity exists. Plaintiff is alleged to be a citizen of California and Defendant is a national banking association with its principal office in Ohio. FAC, ¶ 4; NOR, ¶ 9. For purposes of citizenship under 28 U.S.C. § 1332, a national banking association is deemed to be "located" in the state in which it has its main office, as set forth in its articles of incorporation. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 163 L.Ed.2d 797 (2006). Thus, Plaintiff's Motion is confined to whether Defendant has met its burden to demonstrate that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a).

Defendant contends that the amount in controversy is satisfied because the Property, which is the subject of this litigation, is estimated to exceed $7 million. NOR, ¶ 11. Plaintiff counters that in cases such as these, where Plaintiff only requests "injunctive relief to prevent the unlawful sale of the Property while forbearance options are available," the amount in controversy is not the value of the subject property, but rather the pecuniary result to either party which the judgment would directly produce. Motion at 2. The Court agrees with Defendant.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) (internal citations omitted). The amount in controversy requirement is met where "the whole purpose of [the] action is to foreclose the Bank from selling [the property] in the manner contemplated," and the value of the property or the loan amount exceeds the $75,000. *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973). *See also Chapman v. Deutsche Bank Nat. Trust Co.,* 651 F.3d 1039, 1041 (9th Cir. 2011) (holding that in a quiet title action, the amount in controversy is calculated by the value of the property at issue); *Hendricks v. Wells Fargo Bank, N.A.,* 2015 WL 1644028 (C.D. Cal. Apr.14, 2015) (holding that in an action seeking to enjoin an impending foreclosure, following the recording of a Notice of Trustee's Sale, the amount in controversy includes the value of the property as "at least one object of the litigation"); *Mouri v. Bank of New York Mellon*, 2014 WL 12577164, at *3 (C.D. Cal. Dec. 9, 2014) ("[I]n actions seeking to enjoin residential foreclosures

the amount in controversy may be based on the outstanding amount of the loan or the value of the property.").

Plaintiff cites *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770 (9th Cir. 2017) in support of her proposition that this Court should *not* consider the property value or total loan amount as the amount in controversy. Motion at 4. This case and its progeny are inapposite. *Corral* holds that the amount in controversy is instead the pecuniary result to either party which the judgment directly produces only where the plaintiff seeks a temporary injunction *pending review of a loan modification application*. *Id*. at 775. Thus, without a pending loan modification review, *Corral* is inapplicable. *See Rivas v. Wells Fargo Bank, N.A.*, 2016 WL 8730674, at *4 (E.D. Cal. Dec. 9, 2016) (finding similar line of cases inapplicable where there was no pending loan modification review and foreclosure proceeding had already been initiated). *But c.f. Olmos v. Residential Credit Sols., Inc.*, 92 F. Supp. 3d 954, 956–57 (C.D. Cal. 2015) (declining to find that loan was in controversy where plaintiff sought temporary relief, alleging that defendants violated state law by recording a notice of default while plaintiff's loan modification application was pending); *Jauregui v. Nationstar Mortg. LLC*, 2015 WL 2154148, at *4 (C.D. Cal. May 7, 2015) (declining the same where the complaint asked that "foreclosure activity be ceased until a written determination on his loan modification application is conveyed to him.").

Here, Plaintiff seeks "injunctive relief to prevent the unlawful sale of the Property while work out options are available." FAC, ¶ 24, Prayer for Relief, ¶ 3. Plaintiff also alleges that Defendant denied her repayment plan request and acknowledges that foreclosure proceedings have already been initiated. FAC, ¶ 15. Thus, unlike *Corral, Olmos, and Jauregui*, this is a standard wrongful foreclosure action: there is no pending loan modification application and foreclosure proceedings have been initiated. By seeking to enjoin the initiated and pending sale of the Property without a pending modification application, Plaintiff places the entire value of the Property at issue. Both the outstanding loan amount and the value of the Property are well in excess $75,000. FAC, ¶ 16; NOR, 11. Using either metric, Defendant has met its burden of establishing that the amount in controversy exceeds the statutory requirement and therefore that this Court has diversity jurisdiction over this action.

Accordingly, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED**.